# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Arturo Castro ("Castro"), and Defendants, Pro Paint, Inc., Auto Renew Group, LLC, Mark Nussbaum, Michael Barr and Scott Greenberg ("Defendants") (collectively Castro and Defendants are referred to as the "Parties"), to completely settle and resolve all issues between them relating to Castro's employment, allegations of unpaid wages and any other claims alleged by Castro, in accordance with the terms of this Agreement, as follows:

WHEREAS, Castro filed a lawsuit against Defendants alleging violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law, Case No. 15 CV 11861, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants deny that it in any way violated the listed statutes, or is otherwise liable to Castro.

WHEREAS, the Parties now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised or that could have been raised in the Lawsuit by Castro against Defendants.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

**1.    Settlement Payment**

a.    In consideration for the promises in this Agreement, Defendants shall cause to be paid to Castro the total gross sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00), as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon: (i) Castro returning a signed Agreement; (ii) expiration of the revocation period described below without revocation by Castro; (iii) approval of this Agreement by the Court; and (iv) dismissal of the Lawsuit as provided in Paragraph 3 of this Agreement. Upon satisfaction of all of the foregoing conditions, the Settlement Payment shall be made and distributed as follows:

b.    Within ten (10) days after satisfaction of all of the conditions in Paragraph 1(a) above, Defendants shall cause to be delivered to Castro's counsel, Susan J. Best, the following three checks:

(i)    One check payable to "Arturo Castro" in the gross amount of Three Thousand Two Hundred Forty Two Dollars and Zero Cents ($3,242.00), less required legal withholdings, as payment for any alleged unpaid wages. Castro agrees to provide Defendants at the same time he signs this Agreement a completed IRS Form W-4 as a condition of this payment, and Pro Paint, Inc. or Auto Renew Group shall issue Castro an IRS Form W-2 for this payment;

(ii)    One check payable to "Arturo Castro" in the amount of Four Thousand Eight Hundred Sixty Three Dollars and Zero Cents ($4,863.00), as payment for required liquidated damages, interest, penalties, and for other consideration. Defendants will issue Castro an IRS Form 1099 for this payment; and

      (iii) One check payable to "Consumer Law Group, LLC" in the amount of Six Thousand Eight Hundred Ninety Five Dollars and Zero Cents ($6,895.00) representing payment for Castro's attorneys' fees and costs associated with his claims in the Lawsuit. Defendants will issue an IRS Form 1099 to Consumer Law Group, LLC for this payment (FEIN 45-1558327).

  c. Castro will be solely responsible for any tax consequences of the Settlement Payment reported on an IRS Form 1099.

  **2.** **<u>Release and Covenant Not to Sue</u>**

  a. To the greatest extent permitted by law, Castro, on behalf of himself and his agents, heirs, and assigns, agrees to release Defendants and the Released Parties (as defined in Paragraph 2(e) below) regarding all claims he has or might have as of the time of execution of this Agreement, whether known or unknown. By way of explanation, but not limiting its completeness, Castro hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges Defendants from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Castro's employment with Defendants, the cessation of his employment, and any alleged act or omission to act by the Released Parties, whether related or unrelated to Castro's employment, occurring and/or accruing prior to the execution, by Castro of this Agreement. Castro further waives any right to any form of recovery, compensation or other remedy in any action brought by him or on his behalf.

  b. Without limiting the foregoing terms, this Agreement specifically includes all claims of Castro for any alleged unpaid minimum wage, straight time wage, overtime wage, any other wages or compensation, final compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA"), the Portal-to-Portal Act, 29 C.F.R. § 790.5, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, as well as any and all claims based upon discrimination, harassment, retaliation, breach of contract, and/or all claims by them based upon any other statutory or common law theory. The release also includes any tort, and any and all claims Castro may have arising from any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law.

  c. This Agreement includes and extinguishes all claims Castro may have for equitable and legal relief, attorneys' fees and costs. More particularly, Castro acknowledges that this Agreement is intended to be a resolution of disputed claims and that Castro is not a "prevailing party." Moreover, Castro specifically intends and agrees that this Agreement fully contemplates claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims and liens.

    d.  Castro promises and covenants that he will not file any lawsuit against Defendants or any of the Released Parties based upon any claim covered under the foregoing release. Nothing in this release and covenant not to sue restricts Castro's right to enforce this Agreement and the promises set forth herein, nor does it prohibit Castro from bringing any claim under the Age Discrimination in Employment Act, as amended, wherein Castro seeks to challenge whether he knowingly and voluntarily entered into this Agreement, nor does it prohibit Castro from filing a charge or cooperating with any government agency responsible for enforcing discrimination laws. Castro understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action alleging a breach of this Agreement.

    e.  Castro agrees that this release and covenant not to sue includes all claims and potential claims against all Defendants, and Pro Paint, Inc. and Auto Renew Group, LLC and their affiliated companies, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

  **3.**  **Dismissal**

  The Parties agree to submit this Agreement to the Honorable District Court Judge Thomas M. Durkin for Court approval. Upon Court approval, Castro agrees to take all steps to dismiss the Lawsuit and all claims with prejudice, and that the Court may enter an order dismissing the lawsuit. The dismissal by the Court shall be initially without prejudice and will automatically convert to a dismissal with prejudice with each party to bear their own fees and costs on May 30, 2016, unless Castro files a Motion to Reinstate on or before that date to enforce the terms of this Agreement. If the case is reinstated, it shall solely be for the purpose enforcing this Agreement.

  **4.**  **Castro's Acknowledgement of Compensation**

  Castro agrees that, with the Settlement Payment, he has been fully compensated for all wages and other compensation owed to him, including final compensation, minimum wages and overtime pay wages for each hour he worked for Defendants, for all other wages (i.e., vacation pay, bonuses, commissions, etc.) and for any other damages to which he alleges that he is entitled.

  **5.**  **Consideration and Revocation Periods**

  Castro understands that he has been given twenty-one (21) days to consider and sign this Agreement (the "Consideration Period"), and agrees that this Consideration Period has been reasonable and adequate and that any revisions to the Agreement, whether material or immaterial, do/did not restart the running of the 21-day Consideration Period that began on the date this document was presented to Castro and/or his attorney. Castro will have seven (7) days from the date he signs this Agreement to revoke it if he so desires. This Agreement shall not become effective or enforceable until this seven (7) day revocation period has expired without revocation by Castro, provided the Parties have also continued to meet all of the conditions in this Agreement. If Castro

revokes his signature, then Castro must provide written notice to Defendants' attorney within twenty-four (24) hours of his decision to revoke.

6. **Entire Agreement**

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. The Parties further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Castro and Defendants.

7. **Full Knowledge, Consent, Voluntary Signing, And Right To Counsel**

Castro agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; he has not been coerced, threatened, or intimidated into signing this Agreement; and that this Paragraph shall constitute written notice of the right to be advised by an attorney. Additionally, Castro acknowledges that during the negotiations of this Agreement, he has been advised by competent legal counsel of his own choosing, Susan J. Best and the Consumer Law Group, LLC, and that Castro had an opportunity to and did negotiate over the terms of this Agreement.

8. **Nonassignment**

Castro expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2(e)); (b) any rights that they may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right they have or may have to the Settlement Payment. Castro promises that any monies, benefits or other consideration he receives from Defendants is not subject to any liens, garnishments, mortgages or other charges.

9. **Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

10. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Castro and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

11. **Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Castro, (ii) breach of any agreement, or (iii) violation of a statute, law or

regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

## 12. Medicare and Social Security

Castro hereby warrants and represents that Castro is presently not, nor has he ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Castro has no claim for Social Security Disability benefits nor is Castro appealing or re-filing for Social Security Disability benefits. Castro further warrants and represents that he did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Castro also warrants and represents that Medicare has not made any payments to or on behalf of Castro, nor has Castro made any claims to Medicare for payments of any medical bills, invoices, fees or costs. Castro agrees to indemnify and hold Defendants and the Released Parties harmless from: (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Castro, and (b) all claims and demands for penalties based upon any failure to report the settlement payment, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to Defendants by Castro. Castro agrees to hold harmless Defendants and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Castro may sustain as a result of this Agreement.

## 13. Counterpart Signatures

This Agreement may be executed in counterparts. Faxed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

**14.** **<u>Acknowledgement</u>**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**READ CAREFULLY. THIS DOCUMENT CONTAINS
ARTURO CASTRO'S RELEASE AND WAIVER OF CLAIMS.**

ARTURO CASTRO                                                  PRO PAINT, INC.

_____                                _____

                                                                                                         Its:_____

Date:_____                                Date:_____

                                                                                                          AUTO RENEW GROUP, LLC

                                                                                                          _____

                                                                                                         Its:_____

                                                                                                         Date:_____

                                                                                                         _____

                                                                                  MARK NUSSBAUM

                                                                                                         Date:_____

                                                                                                         _____

                                                                                  MICHAEL BARR

                                                                                                         Date:_____

                                                                                                         _____

                                                                                  SCOTT GREENBERG

                                                                                                         Date:_____